[ORAL ARGUMENT NOT YET SCHEDULED]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MONTE A. ROSE, JR., *et al.*, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> XAVIER BECERRA, *Secretary, United States Department of Health and Human Services, in his official capacity*, *et al.*, <br><br> Defendants-Appellees, <br><br> INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, <br><br> Intervenor-Appellant. | No. 24-5172 |

**FEDERAL DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO DISMISS APPEAL**

Plaintiffs-appellees have moved to dismiss this appeal filed by intervenor-appellant, the Indiana Family and Social Services Administration. For the reasons stated in plaintiffs' motion, the Department of Health & Human Services (HHS), the Centers for Medicare & Medicaid Services, Xavier Becerra, Chiquita Brooks-LaSure, and Jonathan Blum ("federal defendants") agree that this Court lacks appellate jurisdiction. Intervenor-appellant seeks review of a district court order vacating agency action and

remanding for further non-ministerial administrative proceedings. Federal defendants, by contrast, have elected not to appeal from that remand order. As plaintiffs' motion explains, this Court's precedents make clear that this Court lacks appellate jurisdiction over cases in this posture.

The district court held that HHS had failed to adequately consider all relevant factors in approving the § 1115 waiver sought by Indiana. Opinion, Dkt. 68 at 55 ("[T]he Court does not question the agency's predictive judgments or evaluate the evidence before it on this issue. It has simply looked for—and been unable to find—what the APA requires: a reasoned explanation that considers the factors relevant to the agency's decision."); *see also* Mot. 2–4 (describing background to case). Accordingly, the district court vacated the approval and remanded to the agency for further proceedings. Opinion, Dkt 68 at 63–64; Remand Order, Dkt. 67 at 1.

"It is black letter law that a district court's remand order is not normally 'final' for purposes of appeal under 28 U.S.C. § 1291." *North Carolina Fisheries Ass'n v. Gutierrez*, 550 F.3d 16, 19 (D.C. Cir. 2008) (quotation marks omitted). A remand order "leaves the core dispute unresolved, and simply turns it back for further proceedings by the agency." *American Haw. Cruises v. Skinner*, 893 F.2d 1400, 1403 (D.C. Cir. 1990) (per curiam).

Although there is a limited exception permitting "the agency to which the case is remanded" to appeal immediately from a remand order, that path is not available to other parties. *Lakes Pilots Ass'n v. U.S. Coast Guard*, 359 F.3d 624, 625 (D.C. Cir. 2004) (explaining that the rule is asymmetrical because an agency lacks the ability to appeal after the remanded proceedings). Instead, an outside party interested in the agency proceeding that is "dissatisfied with the action on remand may still challenge the remanded proceedings—as well as the remand order requiring them—after the proceedings are complete." *Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 657 (D.C. Cir. 2013) (dismissing appeal filed by intervenor that sought to defend agency action) *see also Melinta Therapeutics, LLC v. U.S. Food & Drug Admin.*, No. 22-5288, 2022 WL 19723218, at *1 (D.C. Cir. Dec. 1, 2022) (same).

Here, because the district court expressly remanded this matter to HHS for further proceedings, *see* Remand Order, Dkt. 67 at 1; *see also* Opinion, Dkt. 68 at 63–64, it did not resolve the "core dispute" between the parties. *American Haw. Cruises*, 893 F.2d at 1403. This Court, therefore, lacks jurisdiction over this appeal.

## CONCLUSION

This Court should grant plaintiffs' motion and dismiss this appeal.

Respectfully submitted,

JOSHUA M. SALZMAN
STEVEN H. HAZEL

/s/ *Maxwell A. Baldi*

MAXWELL A. BALDI
  Attorneys, Appellate Staff
  Civil Division, Room 7513
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530
  (202) 532-0211
  maxwell.baldi@usdoj.gov

September 2024

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 499 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century BT 14-point font, a proportionally spaced typeface.

/s/ *Maxwell A. Baldi*
MAXWELL A. BALDI