[NOT YET SCHEDULED FOR ORAL ARGUMENT]

No. 24-5172

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

MONTE A. ROSE, JR., et al.,
    Plaintiffs-Appellees,

- v.-

XAVIER BECERRA, Secretary of Health & Human Services, et al.,
    Defendants-Appellees,

INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION,
    Intervenor-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF PLAINTIFFS-APPELLEES' MOTION TO DISMISS FOR LACK OF JURISDICTION**

Indiana, an intervenor, seeks to appeal a district court order remanding a matter to a federal agency, when that federal agency has decided not to appeal. Under D.C. Circuit precedent, that means this Court lacks appellate jurisdiction. *See, e.g.*, *Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 656-57 (D.C. Cir. 2013); *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 880-81 (D.C. Cir. 2000).

1

Indiana's response in opposition to Plaintiffs-Appellees' motion to dismiss all but ignores that the United States chose not to appeal the district court's order vacating the 2020 approval of Indiana's Section 1115 project and remanding the matter to the agency. But that fact is dispositive. This Court has made clear that non-ministerial remand orders, as a category, are not appealable. An exception applies when the federal agency that is the subject of the remand order decides to appeal. No such exception exists for an intervenor in Indiana's position. In the face of this unambiguous jurisdictional rule, Indiana's arguments about Federal Rule of Civil Procedure 54(b) and its view of the practicalities are unavailing.

At its core, Indiana urges a "case-specific approach to the determination of appealability," *Pueblo of Sandia*, 231 F.3d at 880, despite this Court's express rejection of that exact approach. As this Court has explained, appealability "is to be determined for the entire category to which a claim belongs," and "[b]ecause the district court's order comes within the category of a remand for significant further proceedings, [this Court is] without jurisdiction to review it because, as noted, remand orders *as a category* are not final." *Id*. at 880-81 (emphasis added).

## ARGUMENT

### I. Indiana's Reliance on Rule 54(b) Is Misplaced.

Despite Indiana's assertions, the district court's Rule 54(b) certification does not decide appealability. *See, e.g.*, *Melinta Therapeutics, LLC v. U. S. Food & Drug*

2

*Admin.*, No. 22-5288, 2022 WL 19723218, at *1 (D.C. Cir. Dec. 1, 2022) ("Although the district court's order referred to entering judgment for plaintiffs, that language did not make the order final for purposes of an appeal."); *Am. Great Lakes Ports Ass'n v. Schultz*, 962 F.3d 510, 515 (D.C. Cir. 2020) (explaining that a district court's characterization of its remand order as "a final appealable Order" is not dispositive as to appellate jurisdiction).

Rule 54(b) applies when a case presents multiple claims for relief, but the district court's decision did not adjudicate all claims. That is what happened here. Plaintiffs-Appellees' supplemental complaint presented five claims for relief. The district court's order only adjudicated Count I, finding that the Secretary's 2020 approval of Indiana's Section 1115 project as whole violated the Administrative Procedure Act. Under Rule 54(b), unless a district court "expressly determines that there is no just reason for delay," a district court order "that adjudicates fewer than all the claims" is not appealable as a final judgment. Fed. R. Civ. P. 54(b). Thus, here, the Rule 54(b) certification clarified that a party with the right to appeal had the ability to do so. *See* Order (July 10, 2024), ECF No. 71.

Accordingly, when Indiana obtained that certification, it would have enabled the United States to appeal. And had the United States decided to appeal, this Court would have had appellate jurisdiction because of its exception to the "black letter" legal principle "that a district court's remand order is not normally 'final' for

3

purposes of appeal," which allows the federal agency that is the subject of the remand order to appeal. *N. C. Fisheries Ass'n v. Gutierrez*, 550 F.3d 16, 19 (D.C. Cir. 2008) (citation omitted). Indiana would have had the corollary ability to appeal only because of this exception.

This also explains Plaintiffs-Appellees' position on Indiana's request for certification under Rule 54(b) in the district court. Plaintiffs-Appellees' took no position on that request because contrary to Indiana's assertion, they did not disagree that such certification was "proper." Intervenor-Appellant's Resp. Pls.-Appellees' Mot. Dismiss at 10 (Sept. 13, 2024), ECF No. 2074738 [hereinafter "Ind.'s Resp."]. That certification was "proper" and would have allowed the United States to appeal, a decision that – as far as Plaintiffs-Appellees know – the United States did not make until after the district court certified Count I under Rule 54(b). The United States subsequently decided not to appeal, which means there is no appellate jurisdiction here, regardless of the Rule 54(b) certification.

That is why cases like *Gresham v. Azar*, upon which Indiana relies, are inapposite. *See* Ind.'s Resp. at 9. Indiana is correct that in *Gresham*, this Court did not "question[] its jurisdiction where there was a proper Rule 54(b) judgment." *Id.*; *see* 950 F.3d 93 (D.C. Cir. 2020), *vacated and remanded as moot*, 142 S. Ct. 1665 (Apr. 18, 2022). But Indiana ignores the critical distinction between that case and this one – there, the United States appealed. It was the combination of a "proper

4

Rule 54(b) judgment" and the fact that a party with the ability to appeal the remand order did so that eliminated any question of appellate jurisdiction, not the Rule 54(b) certification in isolation. Similarly, Indiana's citations to cases in which this Court has dismissed appeals due to a lack of certification under Rule 54(b), *see* Ind.'s Resp. at 9-10, have no bearing on this Court's specific jurisdictional rule that applies under the unique circumstances presented here – when the United States chooses not to appeal a remand order.

## II. Indiana's Assertions of "Practical Considerations" Are Unavailing under This Court's Precedent.

Indiana argues that the specific circumstances of this case warrant a departure from this Court's established doctrine. But the rule "that a district court order remanding a case to an agency for significant further proceedings is not final" applies to the entire category of such cases, "without regard to the chance that the litigation at hand might be speeded, or a 'particular injustice' averted by a prompt appellate court decision." *Pueblo of Sandia,* 231 F.3d at 880 (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1992)). In fact, the Supreme Court "has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (explaining that the Court does

5

"not engage in an individualized jurisdictional inquiry" but instead "focuse[s] [] on the entire category to which a claim belongs" (cleaned up)).

Accordingly, this Court has recognized only two specific exceptions to this rule: (1) when the action the agency will undertake on remand is solely "ministerial" and (2) when the agency to which the remand order is directed itself appeals. Indiana attempts to characterize these defined exceptions as examples of circumstances in which this Court "treats remand orders as final." Ind.'s Resp. at 12-13. But that is incorrect. Instead, these are *the* established exceptions – neither of which apply here.

The reasons for each of these exceptions illustrate why the standard rule requires dismissal for lack of jurisdiction here. A remand order is merely "ministerial" when the district court's order dictates the agency's decision on remand, leaving no significant work for the agency to do. That is far from the case at hand where the Secretary has significant discretion on remand to reconsider the facts and come to an independent decision. *See Sierra Club*, 716 F.3d at 658 (explaining that because the agency action on remand "would entail significant discretion on the part of the [agency] . . . the district court's remand order contemplates more than a ministerial act." (cleaned up)).

This is why cases like *American Great Lake Ports Association v. Schultz*, raised by Indiana, provide it no assistance. *See* Ind.'s Resp. at 12-13. There, this Court contrasted the remand order at issue with a non-final remand order for

6

significant further proceedings by explaining that "the remand order under review does not instruct the [agency] to reopen the [matter] and conduct further proceedings." 962 F.3d at 515. But that is exactly what the district court's remand order does here – it instructs the Department of Health and Human Services to reopen Indiana's application and issue a new decision. This Court has also described solely ministerial remand orders as those for which "further agency action on remand was effectively precluded." *Sierra Club*, 716 F.3d at 658. And, it has suggested that might be the case where the government agency both declined to take action on remand for years following the remand order and expressly conceded that it did not plan to engage in further agency proceedings on remand. *See In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 633 (D.C. Cir. 2014). Those exceptional circumstances have not been met here.[1] There is no plausible argument that this remand order is solely "ministerial."

---

[1] Indiana also invokes *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 381 (D.C. Cir. 2017), but it is similarly inapposite. *See* Ind.'s Resp. at 12. In that case, this Court held that the district court improperly granted the agency's voluntary remand request "because the Department did not intend to revisit the challenged agency decisions on review. Rather, the Department sought the remand on the basis that Limnia could submit brand new applications for agency review." *Id*. This Court only held that it had appellate jurisdiction over Limnia's challenge to the district court's grant of that voluntary remand request because the district court's remand order "did not return the 'core dispute' . . . back for further proceedings by the agency." *Id*. at 386. In contrast, here the district court remanded the matter to HHS for it to revisit the agency's decision.

7

Nor, of course, can Indiana invoke the exception that only allows the federal agency to which the order is remanded to appeal. In summarizing that exception, Indiana overlooks the very reason why this exception only applies to the party that is the subject of the remand: "The reason for this asymmetry is that a government agency *cannot later challenge its own actions complying with a remand order*, whereas a private party dissatisfied with the action on remand may still challenge the remanded proceedings—as well as the remand order requiring them—after the proceedings are complete." *Sierra Club*, 716 F.3d at 656-57 (emphasis added). If HHS reaffirms its prior approval of the HIP project on remand, Indiana will have no need to appeal. And if HHS comes to a different decision, Indiana can return to the district court, after which, if it obtains an unfavorable decision, it can file a single appeal challenging the current order and the subsequent order following remand.

In addition to the district court's characterization of the remand order, which is discussed above, Indiana offers two other arguments as to why this case warrants a different outcome despite falling into neither of the established exceptions. Neither argument is persuasive nor supported by this Court's precedent.

First, Indiana argues that because the district court's order vacated and remanded the 2020 approval as opposed to remanding without vacatur, that transforms the remand order into a final appealable order. *See* Ind.'s Resp. at 14-18. But Indiana ignores that vacatur is "the normal remedy" under the Administrative

8

Procedure Act. *See, e.g.*, *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). Thus, the typical district court order remanding a matter to an agency will be accompanied by vacatur of the agency's original decision. Indiana offers no case in which this Court's articulation of the "black letter law that a district court's remand order is not normally final for purposes of appeal" was dependent on the district court's departure from the normal remedy under the APA.[2] *Sierra Club*, 716 F.3d at 656 (cleaned up).

Second, Indiana argues for a new special rule for states that would allow them to appeal under circumstances where any other entity that is not the subject of the remand order cannot. *See* Ind.'s Resp. at 18. While Indiana emphasizes that states are not simply another "private intervenor" or "outside party," *id.*, that is irrelevant under this Court's precedent. What matters is that Indiana is not the subject of the remand order. The district court remanded the matter to HHS, not Indiana. Therefore, only HHS "cannot later challenge its own actions complying with a remand order," *Sierra Club*, 716 F.3d at 656-57, whereas Indiana will have the ability to do so. That the intervenor who sought to appeal in *Sierra Club* was a

---

[2] In response to Indiana's assertions regarding the consequences of vacatur were this Court to grant Plaintiffs-Appellees' motion to dismiss and the limited stay pending appeal were to expire, *see* Ind.'s Resp. at 14-15, Plaintiffs-Appellees note that they have filed a response to Indiana's district court motion seeking to modify the stay stating that Plaintiffs-Appellees would agree to extend the limited stay currently in place pending HHS's decision on remand. Whether the limited stay is so extended is irrelevant to jurisdiction but would address the practical concerns Indiana raises.

private party is of no consequence. *Contra* Ind.'s Resp. at 22. What matters is that the intervenor who sought to appeal was not the agency to which the matter was remanded.

Indiana offers no case in which this Court, or any court, has given states special treatment when deciding whether it has appellate jurisdiction over a remand order. To the contrary, this Court has rejected a state subdivision's attempt to appeal a remand order when the federal agency dropped its appeal. In *Pueblo of Sandia v. Babbitt*, the Pueblo of Sandia sued under the APA to challenge a decision of the Secretary of Interior. Several entities, including the County of Bernalillo, New Mexico, intervened to defend the Secretary's action. 231 F.3d at 879. The district court found the actions of the Secretary to be arbitrary and capricious and remanded to the agency for further proceedings. Although both the intervenor defendants and the federal government initially filed notices of appeal, the federal defendants eventually decided to withdraw their appeal. *Id*. at 879-80. This Court then dismissed the appeal in its entirety, including the appeal of the County of Bernalillo, a state subdivision. *Id*. at 880-82. Nothing supports a different outcome here. Indiana's arguments about the specific circumstances of Spending Clause legislation are contrary to this Court's established approach to appealability that declines to apply different rules to different types of cases.

10

## CONCLUSION

For the foregoing reasons, this appeal should be dismissed.

Dated: September 20, 2024                           Respectfully submitted,

/s/ Jane Perkins

| | |
|---|---|
| Ian Heath Gershengorn | Jane Perkins |
| Erica S. Turret | Catherine McKee |
| JENNER & BLOCK | NATIONAL HEALTH LAW PROGRAM |
| 1099 New York Ave., Suite 900 | 1512 E. Franklin St., Ste. 110 |
| Washington, DC 20001 | Chapel Hill, NC 27514 |
| (202) 639-6869 | (919) 968-6308 (x101) |
| Igershengorn@jenner.com | perkins@healthlaw.org |
| Eturret@jenner.com | mckee@healthlaw.org |

*Counsel to National Health Law Program*

Adam Mueller
INDIANA JUSTICE PROJECT
1100 W 42nd St. Suite 200
Indianapolis, IN 46208
(317) 912-1135 ext. 800
amueller@injp.org

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A). This document contains 2,399 words. I further certify that this motion complies with the type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

September 20, 2024                                                                 /s/ Jane Perkins

## CERTIFICATE OF SERVICE

I certify that, on September 20, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit through the appellate CM/ECF system, and the document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

September 20, 2024　　　　　　　　　　　　　/s/ Jane Perkins